UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASSAN ALAME,

    Plaintiff,

v.                                                    Case No. 08-10777

MARIE SMETKA and
ALFRED WILLIAMS,                        HONORABLE AVERN COHN

    Defendants.

_____/

**<u>MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION</u>**
**<u>AND</u>**
**<u>GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**
**<u>AND</u>**
**<u>DIRECTING THE APPOINTMENT OF COUNSEL FOR PLAINTIFF</u>**

I.  Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Hassan Alame, proceeding <u>pro se</u>, is suing defendants Marie Smetka and Alfred Williams, employees with the Michigan Department of Corrections (MDOC), claiming that they violated his First Amendment rights regarding a letter and a book sent to him which were written in Arabic.  Plaintiff's complaint states that defendants are being sued in their official and individual capacity.  Plaintiff seeks money damages and, as will be explained below, also seeks prospective injunctive relief.

The matter was referred to a magistrate judge for all pre-trial proceedings and before whom defendants filed a motion for summary judgment.  The magistrate judge issued a report and recommendation (MJRR) recommending that plaintiff's claim

against defendants in their individual capacity for damages be dismissed on qualified immunity grounds. The magistrate judge further recommends that summary judgment be denied on plaintiff's claim against defendants in their official capacity for prospective injunctive relief based on an as-applied constitutional challenge to the MDOC policy at issue. For the reasons that follow, the MJRR will be adopted and defendants' motion for summary judgment will be granted in part and denied in part. The Court will also direct that counsel be appointed for plaintiff.

## II. Background

Under MDOC Policy Directive 05.03.118, entitled "Prisoner Mail," prison mailroom staff are required to issue a Notice of Package/Mail Rejection if the mail, inter alia, contains a book or other periodical which is not directly from the publisher or approved vendor or if the mail is written in a foreign language that cannot be translated by institutional staff. The MDOC Policy Directive states in part:

> HH. Prisoners are prohibited from receiving mail that is a threat to the security, good order, or discipline of the facility, may facilitate or encourage criminal activity, or may interfere with the rehabilitation of the prisoner and therefore should be rejected [including] (18) [m]ail written in code, or in a foreign language that cannot be interpreted by institutional staff to the extent necessary to conduct an effective search. If facility staff are not available, the facility head may authorize the use of a reliable interpreter. Prisoners shall not be used as interpreters.

On September 17, 2007, plaintiff received a mail rejection notice issued by defendant Smetka, the Mailroom Supervisor at the Gus Correctional Facility (ARF) where plaintiff was incarcerated, for a book and letter written in Arabic. Plaintiff requested a hearing which was held before defendant Williams, a Resident Unit Manager, who upheld the rejection. Apparently, the book was rejected because it did

not come from an approved vendor and the letter was rejected because it was in Arabic and could not be translated. Plaintiff, however, says he requested a translator, which was denied. Plaintiff also says that the book and letter were later destroyed.

On February 25, 2008, plaintiff filed a complaint against defendants. In the Statement of Facts section, plaintiff states in part:

> Even though the book did not come from a publisher, I believed I had a right to receive it and challenged the Michigan Department of Corrections Policy Directive's decision to confiscate and destroy the book and letter solely because it was written in the Arabic language.
> . . .
> I argued that the actions of the ARF staff were a violation of my First Amendment right, and that the book and letter be preserved and not destroyed until this issue was resolved either administratively or in Federal Court.

In the Relief section, plaintiff states:

> I want the Court to declare that the actions of the Defendants were a violation of my Constitutional right under the First Amendment, and to compensate me for damages as a result of this violation, as well as assess punitive damages against the Defendants.

Defendant filed a motion for summary judgment, arguing that plaintiff's official capacity claim is barred by the Eleventh Amendment and that defendants are entitled to qualified immunity on plaintiff's individual capacity claim. In response, plaintiff argued that defendants were not entitled to qualified immunity. Also, plaintiff appeared to concede that the confiscation of the book was proper. Thus, the case now focuses on the treatment of the letter.

As noted above, the magistrate judge concludes that plaintiff has stated a claim against defendants in their official capacity based on a continuing constitutional violation, which is not barred by the Eleventh Amendment, and for which he seeks prospective injunctive relief. The magistrate judge also finds that factual questions

remain as to whether the Policy Directive is unconstitutional as applied to plaintiff.

### III.  Analysis

Objections to the MJRR are reviewed de novo.  28 U.S.C. § 636.  Defendant objects to the magistrate judge's analysis of plaintiff's official capacity claim.  Plaintiff has filed a response to defendants' objections, stating his agreement with the MJRR; thus, plaintiff concedes that defendants are entitled to qualified immunity on his individual capacity claim.

A.  Whether Plaintiff Has Stated a Claim for Prospective Injunctive Relief

The magistrate judge first found that plaintiff stated a claim against defendants in their official capacities because he was seeking prospective injunctive relief.  The magistrate judge bases this finding on a reading of a sentence in plaintiff's complaint in which he states in part that I "challenged the Michigan Department of Corrections Policy Directive's decision to confiscate and destroy the book and letter solely because it was written in the Arabic language."  The magistrate judge concludes that this statement should be interpreted to mean that "[b]ecause Plaintiff claims that the Policy Directive (on its fact or as applied by Defendants) amounts to a continuing violation, I construe the claim to include a request for prospective injunctive unconstitutional."  MJRR at 5.

Defendants object to the magistrate judge's construction of plaintiff's complaint to seek prospective injunctive relief, contending that even given a deferential reading of the complaint, plaintiff has not made a claim against them in their official capacities for an alleged constitutional violation seeking prospective injunctive relief.

Defendants' objection is overruled.  It is well established that pro se complaints must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Plaintiff's

payer for relief requested a declaration that the defendants actions violated his First Amendment rights. In the body of his complaint, as noted above, plaintiff alleges that defendants destroyed the letter and did not have it translated because it was written in Arabic. The magistrate judge gave an appropriate interpretation of plaintiff's complaint, finding that plaintiff is claiming a continuing constitutional violation for which he is seeking prospective injunctive relief. Such a claim is not barred by the Eleventh Amendment. See Ex Parte Young, 209 U.S. 123, 155-56 (1908).

B. Whether Plaintiff's Claim is Moot

Defendants also argue that even if plaintiff's complaint is construed to include a request for prospective injunctive relief, it is moot because on July 3, 2008 plaintiff was transferred to the Muskegon Correctional Facility. The Court of Appeals for the Sixth Circuit has found that, a claim for injunctive relief, like an inmate's claim for declaratory relief based on prison conditions or treatment becomes moot once the inmate is transferred or released. See Dellis v. Corrections Corp. of America, 257 F.3d 508, 510 n.1 (6th Cir. 2001)("Plaintiff also requested injunctive and declaratory relief in his complaint; however, because he is no longer incarcerated in either Hardeman County Correctional Facility or Whiteville Correctional Facility, these prayers for relief are moot."); Kensu v. Haigh, 87 F.3d 172 (6th Cir. 1996)("to the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."); Abdur-Rahman v. Michigan Department of Corrections, 65 F.3d 489, 491 (6th Cir. 1995) ("Rahman has been transferred from the State Prison of Southern Michigan in Jackson, Michigan. Therefore, because of Rahman's transfer, his request for injunctive relief is now moot.")

Here, however, plaintiff is claiming a continuing constitutional violation in the manner in which the Policy Directive has been applied to him; namely, that it "authorizes the use of translators so parsimoniously as to create a de facto ban on non-English writings." MJRR at 8. Such a claim is based on the Policy Directive and is not prison-specific but rather continues with plaintiff no matter where he is housed. As such, his claim is not moot. See e.g., Fisher v. Overton, No. 03-CV-71804, 2005 WL 1982925 (E.D. Mich. Aug. 15, 2005) (holding that prisoner's suit seeking injunctive relief against the Director of the MDOC and other officials because he was not placed in smoke free facilities was not moot upon plaintiff's transfer because his claim is against the Director and his allegations were not prison-specific).

### C.  Whether a Genuine Issue of Material Fact Exists

Defendants finally argue that there is no genuine issue of material fact as to whether the Policy Directive has been unconstitutionally applied to plaintiff. Defendants point out that the Policy Directive states that "the facility head may authorize the use of a reliable interpreter" and neither defendant is a facility head with authority to determine whether a translator will be used. Defendants also point out that plaintiff has not named the "facility head," i.e. the warden as a party to this action.

This objection is overruled. The magistrate judge carefully detailed the factual questions stemming from whether defendants' refusal to obtain a translator for letters written in Arabic is reasonably related to a legitimate penological interest. See MJRR at p. 8-9. While plaintiff has not named the Director of the MDOC, he has sued defendants in their official capacity which is essentially a suit against the MDOC of which defendants are agents. Plaintiff may also move to add the Director as a party.

6

IV.  Conclusion

For the reasons stated above, the MJRR is ADOPTED as the findings and conclusions of the Court.  Defendants' motion for summary judgment is GRANTED IN PART AND DENIED IN PART.  Plaintiff's First Amendment claim under § 1983 claim against defendants in their official capacities, as outlined above, continues.

Further, the Court directs that counsel be APPOINTED for plaintiff.

SO ORDERED.

   s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated:  January 29, 2009

I hereby certify that a copy of the foregoing document was mailed to Hassan Alame, 599501, Muskegon Correctional Facility, 2400 South Sheridan Drive, Muskegon, MI 49442  and the attorneys of record on this date, January 29, 2009, by electronic and/or ordinary mail.

   s/Julie Owens  
Case Manager, (313) 234-5160